Richard Rocklin and Sophie Rocklin v. Commissioner.
Rocklin v. Commissioner
Docket No. 23948.
United States Tax Court
1950 Tax Ct. Memo LEXIS 12; 9 T.C.M. (CCH) 1154; T.C.M. (RIA) 50310; December 18, 1950
*12 Moneys paid to petitioner in 1944 by a partnership of which he was a member held to be repayment of loans. A. Victor Bizer, Esq., 1101 Nat'l Bank Bldg., Detroit, Mich., for the petitioners. Norment Custis, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The above-mentioned cause came on for hearing at Detroit, Michigan, on November 7, 1950. A deficiency in income tax had been determined by the respondent in the amount of $17,806.24 and an accompanying penalty of five per cent under section 293 (a), in the amount of $890.31, The principal issue is whether sums received by petitioner from the Forrer Building Company in the year 1944, totaling $24,956.13, represented taxable income or whether such sums represented repayment of loans. At the conclusion of the trial, the Court's opinion on the matters in dispute was rendered from the bench. [The Facts] A joint income tax return was filed for the year 1944 by Richard Rocklin and his wife, Sophie Rocklin, with the collector of internal revenue at Detroit, Michigan. Sophie Rocklin is a party to this proceeding solely by reason of the fact that a joint return was filed. Richard Rocklin *13 will hereinafter be referred to as the petitioner. It appears that petitioner and Webster Buell for some time past had been employed as salesmen for the F. M. Sibley Lumber Company. They were employed on a commission basis and each was required to pay all of his own expenses, including automobile expenses, promotional expenses, cost of additional help, etc. Petitioner received from the Sibley Company during the taxable year commissions in the amount of $15,178.85, all of which was reported in his income tax return. In October, 1943, petitioner and Buell entered into a partnership known as the Forrer Building Company, in which each had an equal interest. Each partner was to contribute $2,500 for the purpose of starting the business. Petitioner did contribute $2,500 and Buell contributed $2,000, which was all the money he had available at the time. The partnership was organized for the purpose of building small houses which were to cost approximately $5,000 each and were to be priced to sell for from $5,500 to $5,600 each. Priorities were obtained to carry on the project and the money to finance the work was to be obtained from borrowings from mortgage companies. The houses were *14 sold on small down-payments with the balance payable over long periods. In 1944, a second group of 16 houses was started. The partnership soon discovered that it did not have sufficient capital and was from the outset in need of ready money to pay the workmen and material men. The mortgage money was not available except as the houses progressed, and there was frequently delay in receiving it. Buell was called into the military service in the spring of 1944 and the burden of carrying on the partnership business was left entirely to petitioner. Petitioner loaned to the partnership during 1944 various sums of money and borrowed from others various sums ranging from a few hundred to a few thousand dollars. Sometimes interest was paid on the money borrowed, but on most occasions no interest was paid as the money was borrowed from friends of petitioner. Repayment of the sums borrowed from others was to be made within from a few days to a few weeks' time and on occasions sums once repaid were again borrowed as the need arose. The money paid to petitioner during 1944 and here in dispute represented the repayment of loans made by him and through him by others. The partnership paid petitioner *15 the money that was loaned by and through him and petitioner, in turn, would repay the parties who had made the loans. We find as a fact that the sum of $24,956.13 received by petitioner in 1944 from the Forrer Building Company was in repayment of loans and no part represented taxable income. Petitioner's distributive share of the profits of the Forrer Building Company, a partnership, was reported in full in his income tax return. It appears that respondent's error in determining that the repaid loans were taxable income was occasioned by faulty bookkeeping on petitioner's part. [Opinion] There remains for disposition the proper handling of various minor deductions. The parties have agreed that charitable contributions were made and are allowable as deductions in the amount of $555. The deductions for interest and taxes are allowable only to the extent as adjusted by the respondent in the notice of deficiency. Traveling expenses were sought as a deduction in the amount of $793, of which amount we find only $185 is allowable, which amount covers the cost incident to a business trip to Chicago. Deductions sought in the amount of $427 covering alleged expenditures for telephone *16 and telegraph services and for advertising in trade papers are allowed in the amount of $375. Expenses incident to the operation of an automobile used for business purposes is allowed in the amount of $500 and the balance claimed for such purposes in the amount of $319 is disallowed. Petitioner deducted in his return $4,033.25 covering so-called entertainment expenses. Respondent allowed $1,274.75 of this amount and it is our opinion that the deduction should be limited to the amount determined by the . Decision will be entered under Rule 50.